HAWLEY *vs.* SCREVEN *et al.*, receivers.

62 347
108 203
62 347
6120 288

passenger who purchased a through ticket from Savannah, Georgia to Jacksonville, Florida, of the agent of the Atlantic and Gulf Rail road, and had his trunk checked accordingly, could recover of such road for its loss, although it showed that there were three connecting roads between the two places mentioned, that it was the first, and that it had safely delivered the trunk to the second.

Railroads. Damages. Contracts. New trial. Before Judge HARDEN. City Court of Savannah. November Term, 1878.

Reported in the decision.

R. R. RICHARDS, for plaintiff in eror, cited 48 N. H., 339; 2 Red. Am. R'w'y Cases, 277–280, 290 ; *Ib.*, 316–324, and note ; 78 N. C., 294 ; 22 Wallace, 123 ; 11 Am. R'w'y Rs., 442 ; 5 *Ib.*, 333 ; 16 *Ib.*, 206 ; 56 *Ga.*, 376 ; 55 *Ib.*, 481 ; 38 *Ib.*, 519.

JACKSON, LAWTON & BASINGER, for defendants, cited Code, §§ 2083, 2084, 2202, 3036 ; 25 *Ga.*, 228 ; 39 *Ib.*, 636 ; 42 *Ib.*, 642 ; 44 *Ib.*, 278 ; 55 *Ib.*, 481 ; acts 1876, p. 122.

WARNER, Chief Justice.

The plaintiff brought his action agaist the defendants as receivers of the Atlantic and Gulf Railroad Company to recover the value of a trunk and its contents, alleged to have been lost by the defendants' negligence as common carriers between the city of Savannah, Georgia, and the city of Jasksonville, Florida. On the trial of the case the jury, under the charge of the court, found a verdict for the plaintiff. A motion was made for a new trial on the grounds therein stated, which was granted by the court, and the plaintiff excepted.

It appears from the evidence in the record that the plaintiff, on the 6th of November, 1877, purchased a through ticket of defendants' agent at Savannah, for a passage by railroad from the latter place to Jacksonville, Florida, and that he paid full fare for the same ; that he took passage on its cars with his trunk at Savannah for Jacksonville, the place of destination, the defendants' agent having delivered to him the customary through ticket for himself, and a brass check for his trunk marked " Atlantic and Gulf Railroad, 998." On his arrival at Jacksonville he presented his check and demanded his trunk, which defendants' agent failed to

produce, and has continued to do so. The defendants proved at the trial that the route from Savannah to Jacksonville was over three different roads—the Atlantic and Gulf Railroad, the Jacksonville, Pensacola and Mobile Railroad, and the Florida Central Railroad. The Atlantic and Gulf Railroad has its terminus at Live Oak in that direction. The train of the A. & G. railroad went to Live Oak where its engine was detached, and the rest of the train went on, drawn by the engine of the J. P. & M. railroad, and the conductor of the latter road receipted the conductor of the A. & G. railroad for thirteen pieces of baggage at Live Oak as being in good order, checked as follows, etc., including 998, the number of the plaintiff's check. The defendant sought to protect itself from liability for the loss of the plaintiff's trunk as a passenger on its road, under two decisions made by a majory of this court in *Baugh vs. McDaniel & Strong*, 42 *Ga.*, 641; *The E. T. & G. Railroad Company vs. Montgomery*, 44 *Ga.*, 278, giving a construction to the 2084th section of the Code as to the liability of a railroad company in this state for the loss of goods beyond the terminus of its own road, and the only question made in the case now before us is one of law. If the defendant was liable under the law for the loss of the plaintiff's trunk when applied to the facts contained in the record, then the verdict was right, and the court erred in granting a new trial. The two cases cited and relied on by the defendant do not necessarily control the decision of the court in this case, which is a suit by a passenger for the loss of his baggage as such passenger, for which he held defendant's check, which was evidence of a contract of some sort at least, and the jury have found under the evidence that it was a contract on the part of the defendant to transport safely the plaintiff's trunk, either by itself or competent agents, from Savannah to Jacksonville, the place of destination, and in our judgment that finding was in accordance with the law. There is no evidence going to show that the defendant offered to deliver to the plaintiff his trunk at Live Oak and demanded its check therefor at that place, which goes to

show what was the construction put upon the contract by both parties, as evidenced by the check delivered by the defendant's agent to the plaintiff. In view of the facts as disclosed in the record, and of the law applicable thereto, the court erred in granting a new trial.

Let the judgment of the court below be reversed.