WOLFF *vs.* CENTRAL RAILROAD COMPANY.

[This case was argued at the last term and the decision reserved.]

1. Section 2084 of the Code, providing that the last of a connecting line of railroads over which goods are shipped which receives them as in good order is liable to the consignee, does not apply to baggage of a passenger checked and accompanying him on his passage.

2. Where a passenger with a through ticket over a connecting line of railroads checks his baggage at the starting point through to his destination, and upon arriving it is damaged or has been broken open and robbed, he may sue the road which issued the check, or he may sue the road delivering the baggage in bad order.

(*a.*) Semble, that under the American authorities each of the roads composing such a continuous line over which a passenger travels on a through ticket, and baggage is sent on a through check, is a principal contractor adopting the contract of the first road, and is therefore liable for spoliation of baggage, irrespective of the point at which it actually occurred.

(*b.*) Are such roads also jointly liable as partners or joint contractors? *Quære.*

Railroads. Damages. Negligence. Contracts. Before Judge SIMMONS. Bibb Superior Court. April Term, 1881.

Reported in the decision.

BACON & RUTHERFORD, for plaintiff in error.

LYON & GRESHAM, for defendant.

SPEER, Justice.

The plaintiff in error, a resident of Macon, Georgia, had been on a visit of several months' duration to New

York city, and carried with her to New York clothing, etc., suitable for her use during her stay, and suitable for her circumstances and condition in life. Upon her return home, she purchased a through ticket from New York to Macon, *via* the Piedmont Air Line route, which ticket was the usual coupon ticket including a coupon for each road, and including a coupon or ticket of the Central Railroad and Banking Company, upon which last coupon or ticket the plaintiff passed over the line of the Central Railroad and Banking Company, with her baggage, from Atlanta to Macon ; the latter was received at Macon in apparent good order. Upon opening her trunk she found the locks had been tampered with and the trunk had been robbed of jewelry and personal apparel belonging to her, of the value of over eight hundred dollars. The trunks were checked through from New York to Macon by the same parties selling the tickets. Proof was made of the ownership, value, and loss of the articles from the trunks after they were delivered to the railroad officials in New York, and that the jewelry lost was the personal apparel of plaintiff and suitable to her circumstances and condition in life, and she was bringing the same home as a part of her personal apparel for her use at home.

On closing plaintiff's testimony, the court, on motion of defendant's counsel, awarded a non-suit, and plaintiff excepted.

Counsel for plaintiff in error insists that the rule of liability prescribed by section 2084 of the Code against connecting roads, and under different companies, where goods are to be transported over more than one railroad, includes baggage accompanying a passenger, and which rule "makes the last company which has received the goods as in good order responsible to the consignee for any damage, open or concealed, done to the goods."

We cannot believe it was the intention of the legislature to include the transportation of a passenger's baggage under the term "goods." There are in the same chap-

ter including that section regulations touching the transportation of baggage distinct and different and that do not apply to goods. Section 2071 of that chapter "declares the company responsible for baggage placed in their care." The next section provides for the checking of baggage and imposes penalties for failing to conform to the regulations touching the same. A lien is given to the company for the cost of transportation of baggage, not only for its freight, but also it extends so as to include the fare of the passenger. There are also limitations on liability of the company on the value of baggage for the fare taken, which do not apply to goods. The distinction between goods and baggage is thus so clearly recognized by the context that we cannot construe section 2084 as being intended to include baggage under the term "goods," when accompanying the passenger.

The rule of liability of a common carrier for baggage is well understood, but in the case of connecting roads in the absence of proof as to where the loss occurred, which one is liable is now the question? Defendant in error insists that the company in New York who sold the through ticket and made the contract is responsible to the passenger. And so this court ruled in the case of *Hanley vs. Screven*, 62 *Ga.*, 347, but did not rule that such road alone was liable. But is this the only one liable, unless the act of spoliation is established as having occurred on a particular road? This is a question of vital moment to the public and of no small interest to these connecting roads.

The record shows in this case plaintiff in error purchased a through ticket from New York to Macon by the "Piedmont Air Line route," and which included a coupon ticket on the Central railroad from Atlanta to Macon, and by which the connecting roads contracted to transport her and her baggage from New York to Macon. Where or when the spoliation of her baggage occurred the evidence does not disclose, though robbed on the route presumptively between New York and its delivery at Macon to the plaintiff in error.

In the absence of positive statutory regulation as to the liability of connecting roads in the transportation of baggage with passengers, where loss or damage occurs to the same, we find the rulings of the English and American courts are not in harmony. The English courts hold the carrier who receives the goods and contracts to carry them over the entire route is liable, for they hold the intermediate carriers are but its agents, and there is no privity of contract between the agents and owner of the goods. The courts of this country do not recognize this doctrine, and we do not think it fair to our own citizens to send them to a foreign jurisdiction to seek redress, if it can be avoided consistently with our rules of law. We are led to conclude from an examination of our authorities, the true rule in case of connecting roads for liability for baggage should be, that in its transportation as baggage, when two or more railroads are associated together and form a continuous line for the transportation of passengers and baggage, giving to each the right to sell these through tickets with coupons over the several connecting or associated roads, and thus bargaining for the transportation of passengers over the whole line and receiving the price of said tickets, the same to be divided between them at periodical settlements, the company so selling and contracting for such transportation is the agent of the several companies composing such lines, rather than to regard the other companies as its agents in performing the service allotted to them. 9 Am. Rep., 493; 6 *Ib.*, 434. The sale of such tickets is for the common benefit of all the companies, and the receipts from them are presumptively divided between them in proportion to service rendered by each, making them interested as principals and not as agents. In fact, they stand substantially in the position of partners in such through business, and may be, perhaps, jointly as well as we hold them to be severally liable as such.

There are numerous decisions that hold them as to this through business jointly liable as partners through the entire route. Angel on Car., 93, and cases cited; Story

on Bailments, 506, and cases cited; 11 Wend., 571; 19 *Ib.*, 329; 7 Rich., (S. C.) 201; 4 Seld., 37; 11 Wend., 575; 43 Barb., —. To hold these continuous or associated companies severally liable on these through contracts of transportation springs from the necessity of the rule. To remit the owner whose baggage has been lost or damaged on a through ticket to the company where the spoliation or loss occurred, is simply to deny him all redress. For he has no facility or means to ascertain the facts, only at the pleasure of the company, who it is presumed will not be prompt to furnish evidence of their own negligence and liability. To drive the owner to a foreign jurisdiction for redress is not consistent with our public policy. To hold each company liable for negligence or loss incurred while transporting under one continuous and joint contract made with the owner, will interest all alike to be diligent, and if loss should occur, it is the more equitable for the losses to be apportioned among them as they apportion the profits of their joint enterprise, rather than the loss should be borne alone by the owner.

The contract is made to transport with the joint continuous line, they act for each other, and receive its fruits as common agents one for the other. Let the rule applicable to like engagements in other departments of life be applied to them, and each will be liable without reference to the road where the default occurred. This rule is founded in equal justice, and is far more equitable and convenient than the rule that would hold the company alone liable who sold the through tickets, and who may be as free from fault as any intermediate road. In any view, the last of the connecting roads receiving the trunk in apparent good order is presumptively liable, and that determines this case as to awarding the non-suit.

Judgment reversed.

JACKSON, Chief Justice, concurring, stated that the exact point decided and in which the entire court concurred, was as to the grant of the non-suit on the ground of non-liability of the last road.