### THE SAVANNAH, FLORIDA AND WESTERN RAILWAY *vs.* McINTOSH.

Where a passenger purchased a through ticket over a line of railroads, having a coupon attached for each road, and checked his baggage through to his destination, if, upon his arrival, it was found to be lost, he could hold the last road of the line responsible therefor.

(*a.*) There are no errors in the other points made.

January 6, 1885.

Railroads.    Contracts.    Damages.    Before Judge HAR-DEN.    City Court of Savannah.    July Term, 1884.

McIntosh sued the Savannah, Florida and Western Railway Company for $861.95, on account of loss of a trunk. The facts were that plaintiff purchased from the agent of the Galveston, Houston and Henderson Railroad, at Galveston, a through ticket to Savannah, having coupons for the various roads of the connecting line over which he had to pass.    These coupons were torn off. by the respective roads, and in such cases, the roads would settle with each other at stated intervals.    Plaintiff's trunk was checked through to Savannah.    On arriving there, it could not be found, and plaintiff sued defendant as the last of the line of roads over which he passed.

Defendant introduced testimony tending to show that it never received the trunk, and there was conflict as to the value of its contents.

The jury found for the plaintiff $711.95.    Defendant moved for a new trial, which was refused, and it excepted.

CHISHOLM & ERWIN, for plaintiff in error.

DENMARK & ADAMS, for defendant.

JACKSON, Chief Justice.

The question made here is, whether the last of a chain of railroads is liable to a passenger for his baggage, which was checked through from Galveston to Savannah, the passenger having purchased at Galveston a through ticket with coupons for the several links of road making the chain.

It is not an open question in this court. In *Hawley vs. Screven et al., receivers*, 62 *Ga.*, 347, it was held that the Atlantic and Gulf Railroad Company, of which defendants were receivers, being first of a chain of roads, was responsible, though it showed delivery of the baggage to the next connecting line. In *Wolff vs. Central Railroad Company*, 68 *Ga.*, 653, it was held that the Central Railroad Company was responsible for baggage checked in New York to Macon, being the last link in the chain of roads, which is the identical case now made.

The principles ruled in these cases cover this; and the last case especially ought to be held law; for it is reason and sense. It is at the end of the line where the passenger has been landed that he needs his baggage. When Wolff got to Macon from New York, he wanted his baggage. He got a check for it in New York, thereby binding the combination of roads for money received there, part to be paid each, to put him and baggage off at Macon, and this court ruled that the last road of his trip, terminating at Macon, was liable. So McIntosh, at Galveston, made a similar contract, got a similar coupon ticket, and received a check for his baggage deliverable at Savannah. The plaintiff in error was the last road, just as the Central Road was in the case in 68 *Ga.*, and it must pay for this baggage. It makes no difference to the passenger where the loss occurred,—whether before or after he stepped aboard the plaintiff in error's cars. The check made it unnecessary for him to see that it was put on the baggage car of plaintiff in error. Just as this court held in 62 *Ga.*, *supra*, that

though the first company showed it had transferred the baggage to the second, yet itself was still liable; so here, though this plaintiff in error might prove that the trunk was not delivered by transfer to it, yet it is liable. It was in contemplation of the contract and the portion of money it got under the contract at Galveston, by getting the coupon, the evidence of money on settlement with the combination, that it then received the trunk and became responsible for its safe delivery.

When it has paid McIntosh for the baggage, then let it reimburse itself out of that one of the links in the combination whose fault or negligence lost it. It is just, equitable, public policy, sound sense, and must be good law. At any rate, it is the law of Georgia ruled in the 62d and 68th reports, *supra*, and which we could not alter without reviewing those cases, if we would, and would not alter if we could. We see no error in the other points.

Judgment affirmed.