The Georgia Railroad & Banking Company v. Phillips.

1. There being sufficient evidence to warrant the jury in believing that the agent of the defendant in charge of ·its baggage room refused to deliver the plaintiff's trunk to her upon her demand for the same on arrival at destination, and that he informed her it could not be delivered until the following morning; and the trunk having been destroyed by fire during the night, the following charge was warranted: "If the plaintiff demanded her baggage of the company immediately after reaching her destination, and the railroad refused to deliver until morning, and before morning the baggage was destroyed by fire, then and in that event you should find for the plaintiff."
2. The evidence warranted the verdict, and there was no error in denying a new trial.
July 16, 1894.

Action for damages.    Before Judge Eve.    City court of Richmond county.    November term, 1893.

J. B. Cumming and Bryan Cumming, for plaintiff in error.    P. J. Sullivan, contra.

Lumpkin, Justice.

Where a passenger upon a railroad checks his baggage to destination, he is allowed a reasonable time in which to call for and take it upon reaching the end of his journey.    Whatever may be in this respect a reasonable time, it is quite certain that the passenger is not too late in demanding his baggage if he does so immediately after reaching his destination.    On the other hand, the railroad company is also entitled to a reasonable time within which to deliver the baggage.    What will constitute a reasonable time in this respect must necessarily vary according to circumstances.    In some instances, a few minutes will be all the time to which the company is entitled.    In other instances, the lapse of a much longer period before delivering the baggage would not be unreasonable.    A passenger alighting from a train at a small country station should be able to get his trunk

at once; while a visitor to Chicago during the World's Fair would have had no just cause of complaint against the railroad which landed him in that city, if he failed to receive his trunk until after the lapse of several hours. These two extreme illustrations are mentioned to show that no absolute rule can be laid down applicable alike to all cases. Each must necessarily depend upon its own facts and circumstances.

We are satisfied, however, that during the time within which a railroad company may reasonably detain a passenger's baggage, the relation of carrier and passenger still exists between the parties, and the liability of the railroad company does not become that of a mere warehouseman. Of this there can scarcely be a doubt if the passenger himself has exercised due diligence in point of time in calling for his baggage. Under the evidence in the present case, the jury were authorized to find that the plaintiff called for her baggage immediately upon her arrival in Macon, and that the agent of the company informed her it could not be delivered until the following morning. Assuming these to be the facts, and granting that the detention until the next morning by the railroad company would have been reasonable, the company was liable as a common carrier for the destruction of the plaintiff's baggage by fire during the night, and therefore the court was warranted in giving the charge quoted in the first head-note. The evidence for the defendant, if true, showed that the plaintiff's baggage was not called for at all until the morning after the fire, and that if it had been called for as claimed by the plaintiff, it would have been delivered. If so much of this evidence as showed that detention until next morning was unnecessary be taken as true, and the other portion of it rejected, the liability of the company would be still more apparent, because it would then appear that the plaintiff's baggage was improperly detained during

the night, and that it might have been delivered upon her application before the fire occurred. We do not mean to say this would be the fairest and most reasonable view to be taken of the testimony introduced by the defendant, nor are we satisfied that the finding of the jury was right. On the contrary, a verdict for the defendant would have received our full approbation. But this court has no control over questions of fact. Where the evidence is sufficient to authorize a given verdict, and no legal reason appears for setting it aside, we are compelled to allow it to stand. For this reason, we do not feel at liberty to disturb the verdict in the present case.                  *Judgment affirmed.*