24274.   GAINES *v.* SOUTHERN STAGES INCORPORATED.

DECIDED AUGUST 7, 1935.

*L. B. Hartley,* for plaintiff.    *J. A. Merritt,* for defendant.

MACINTYRE, J.   The plaintiff sued the defendant motor common carrier for the loss of his baggage, seeking a judgment for its value. The jury returned a verdict for the defendant. The plaintiff moved for a new trial, the motion was overruled, and the plaintiff excepted. The plaintiff's evidence showed in effect that he bought

a coupon ticket in Detroit, Michigan, for through passage to Augusta, Ga., via Chattanooga, Atlanta, and Macon; that he purchased the ticket from the Colonial Stages Transit Inc. at their bus station in Detroit; that he paid this agent the excess baggage charge, and that the agent thereupon placed on the trunk a check which was correct and in accordance with plaintiff's ticket, but that the duplicate check given the plaintiff was only to Atlanta; that the plaintiff called the attention of the agent to the error; whereupon the agent corrected the mistake by writing upon the back of the duplicate check with pencil the following: "Colonial Stages in Detroit have money to pay for checking trunk from Atlanta to Augusta. O. K. B. A. Steward," and gave the same to the plaintiff; that in accordance with his ticket he traveled over the Colonial Stages Transit Inc. to Chattanooga, Tennessee, and the remaining part of the journey was made from Chattanooga to Atlanta, to Macon, to Augusta, over the Southern Stages Inc. (the defendant); that on arrival at Augusta plaintiff immediately went to the bus agent and asked for his trunk and was told by the agent that his trunk had not arrived, and defendant has continued to fail to produce it. This made out a prima facie case for the plaintiff. "Where a passenger purchased a through ticket over a line of railroads, having a coupon attached for each road, and checked his baggage through to his destination, if, upon his arrival, it was found to be lost, he could hold the last road of the line responsible therefor." *Savannah, Florida & Western Railway* v. *McIntosh, 73 Ga. 532.* See *Southern Railway Co.* v. *Rosenheim, 1 Ga. App. 766, 768 (58 S. E. 81); Dibble* v. *Brown, 12 Ga. 217 (56 Am. D. 460).* The defendant, however, introduced evidence which in effect tended to show that the defendant transported the plaintiff on a ticket which was purchased at Chattanooga, Tennessee, over its lines alone to Augusta, and that it did not transport the plaintiff on a ticket purchased from a connecting carrier, and that the defendant never received the baggage in question. If it be true that the Colonial Stages Transit Company, which operated from Detroit to Chattanooga, was not the agent of the defendant, the Southern Stages Inc., to receive the trunk, the defendant would in no way be bound by the act of the Colonial Stages Inc. In other words, if the defendant, the last connecting line, had transported the plaintiff on a through ticket sold by the first connecting line in Detroit, and

the first connecting line had checked the trunk in accordance with the ticket, there would have been no necessity to prove that the baggage was transferred and received by the last connecting line, for the contract evidenced by the ticket and the check would have been made to transport with the joint continuous lines that "act for each other, and receive its fruits as common agents one for the other, . . and each will be liable without reference to the road where the default occurred." *Wolff* v. *Central R. Co.,* 68 *Ga.* 653, 657 (45 Am. R. 501). But the defendant contends, and if the evidence introduced by it was accepted by the jury it would support its contention, that the defendant itself sold the plaintiff a ticket to Chattanooga and transported him from Chattanooga to Atlanta and Macon, to Augusta, and that this contract to transport was in no way connected with any connecting line. Hence the plaintiff must show delivery of the baggage to the defendant and to it alone, and having failed to show delivery to the defendant, there was no liability. There was testimony on behalf of the defendant that "defendant company received no knowledge of the alleged loss for more than fifteen months after its transportation of the passenger, and that the delay was such as to make it impossible for it to locate the baggage." In this case the jury would have been authorized to find a verdict for either of the parties. When the evidence is sufficient to authorize a given verdict and no legal reason appears for setting it aside, we are compelled to let it stand. *Georgia Railroad Co.* v. *Phillips,* 93 *Ga.* 801, 803 (20 S. E. 646). Ground 4 of the motion for a new trial is but an elaboration of the general grounds and is not meritorious. Ground 5 of the motion is not meritorious. The evidence was not subject to the objection presented.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*