17785. INGRAM v. METROPOLITAN LIFE INSURANCE COMPANY.

STEPHENS, J. 1. The presumption of death which arises after seven years' disappearance unaccounted for is a presumption only as to the fact of death, and not as to the time of death. Where a person has disappeared for a period of seven years, and his disappearance is unaccounted for, and where there is no evidence whatsoever from which it can be inferred that the person met with death at any time during this period, a presumption of fact arises that, after the expiration of the seven-year period, such person is dead, but no presumption arises that he died at any particular time during this period. *Cofer* v. *Flanagan*, 1 *Ga.* 538, 543; *Adams* v. *Jones*, 39 *Ga.* 479 (4); *Watson* v. *Adams*, 103 *Ga.* 733, 736 (30 S. E. 577); Davie *v.* Briggs, 97 U. S. 628, 634 (24 L. ed. 1086); 8 R. C. L. 712, § 8; 17 C. J. 1174; Butler *v.* Supreme Ct. I. O. F., 53 Wash. 118 (101 Pac. 481, 26 L. R. A. (N. S.) 293, and note); Security Bank *v.* Equitable Life Assurance Society, 112 Va. 462 (71 S. E. 647, 35 L. R. A. (N. S.) 159, Ann. Cas. 1913B, 836).

2. In a suit by the beneficiary under a life-insurance policy, against the insurer, to recover for the death of the insured, where the insured has

Death, 17 C. J. p. 1174, n. 3, 5.
Life Insurance, 37 C. J. p. 639, n. 52.

disappeared for a period of seven years and his disappearance is unaccounted for, and where there is no evidence from which it can be inferred that the insured met with death at any particular time during this period, and where the premiums upon the policy were paid only for a period of two years after the insured's disappearance, the evidence does not demand the inference that the insured, although dead, died before the expiration of the policy. The verdict found against the plaintiff, in a suit to recover the full amount of the policy, was therefore authorized.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 12, 1927.

Complaint on life policy; from city court of Macon—Judge Hall. November 20, 1926.

STATEMENT OF FACTS BY STEPHENS, J.

Mrs. Emily E. Ingram instituted suit against the Metropolitan Life Insurance Company to recover $2500 which she claimed as beneficiary under a policy of life insurance covering the life of her husband, Louie E. Ingram. The policy was taken out on September 14, 1914. The insured paid the premiums through September, 1917. The premiums which fell due in September, 1918, and in September, 1919, were paid by the plaintiff, and continued the policy in force until September, 1920. No premiums were paid after September, 1919, and the policy must have lapsed for nonpayment of premiums in September, 1920, unless the insured died before that time. No positive proof of death was offered by the plaintiff.

The case was submitted to the court without the intervention of a jury, upon an agreed statement of facts, which set out that on or about February 1, 1918, the plaintiff was summoned from Barnesville, where she and her husband were living, to the bedside of her mother in Rome; that on or about February 5, 1918, the plaintiff telegraphed from Rome to her husband, the insured, in Barnesville that her mother was dying, and asking him to come at once. It was ascertained that the insured left Barnesville, after receiving the telegram, on one of the night trains for Rome, but he never reached Rome and has not since been seen or heard from. No reason has been given to explain his disappearance.

Subsequent to the nonpayment of the premium which fell due in September, 1920, the plaintiff requested that she be paid the cash-surrender value on the policy. The insurance company advised her that the cash-surrender value could not be paid, because

of a possible interest which might exist in the insured, but offered to issue extended fully paid-up insurance upon the life of the insured, in her favor as beneficiary, for a reduced amount, in accordance with the table set out in the policy. The plaintiff surrendered the policy to the defendant company, and an endorsement was made thereon on March 1, 1921, showing that she was entitled to $437 of fully paid-up insurance.

On February 19, 1925, more than seven years after the disappearance of the insured, the plaintiff wrote to the defendant company, advising it of the continued disappearance of the insured, and thereafter furnished additional information with regard to his disappearance. The defendant company acknowledged a liability to the plaintiff in the sum of $437, but she declined to accept this sum, claiming to be entitled to the full amount of the policy, to wit, $2500, the amount for which this suit was instituted.

It was agreed that neither the plaintiff nor the defendant company knew positively at the time of trial whether the insured was living or dead, or, if dead, under what circumstances, or at what time or in what manner he met his death.

The trial judge found for the plaintiff in the sum of $437, and she excepted.

*Hall, Grice & Bloch,* for plaintiff.

*Jones, Park & Johnston,* for defendant.