20586.   GANTT *v.* AMERICAN NATIONAL INSURANCE CO.

DECIDED JULY 15, 1930.

*Winfield P. Jones,* for plaintiff.

*Tye, Thomson & Tye, R. A. Edmondson Jr.,* for defendant.

BLOODWORTH, J.   This is a suit instituted by the beneficiary of an insurance policy, to recover the amount of the policy, on the ground that the insured disappeared and had not been heard of for seven years, and was presumed to be dead. In *Hansen* v. *Owens,*

132 *Ga.* 648, the 1st headnote is as follows: "The presumption of the duration of life, with respect to persons of whom no account can be given, ends at the expiration of seven years from the time they were last heard of as living." See *Cofer* v. *Thurmond,* 1 *Ga.* 538. Upon the trial of the instant case there was no evidence that the insured had "been heard of as living" within seven years. In *Davie* v. *Briggs,* 97 U. S. 628, 634 (24 L. ed. 1086), it is stated that "In the leading case in the Court of Exchequer of Nepean *v.* Doe dem. Knight (2 Mee. & W. 894), in error from the court of King's Bench, Lord Denman, C. J., said: 'We adopt the doctrine of the Court of King's Bench, that the presumption of law relates only to the fact of death, and that the time of death, whenever it is material, must be a subject of distinct proof.'" In that case Mr. Justice Harlan, citing a number of cases to support the statement, said: "To the same effect are Mr. Greenleaf and the preponderance of authority in this country." Under the foregoing ruling and the facts in this case we are authorized to presume that the insured was dead when the suit was filed, but there is no presumption as to the date of his death. Whenever such a date is material and necessary it "must be a subject of distinct proof." The date of the death of the insured is necessary to fix the time from which to estimate the beginning of the twelve months in which suit must be brought after his death. There is no evidence in the record to show this date, no evidence to show that the suit was commenced within twelve months of the death of the insured. The policy itself, in condition 6, provides that "No suit shall be brought against the Company after one year from the date of death of the insured. If any suit be commenced after one year, the lapse of time shall be conclusive evidence against any claim, the provisions of any and all statutes of limitation to the contrary notwithstanding." That this provision of the policy is legal is settled in *Metropolitan Life Ins. Co.* v. *Caudle,* 122 *Ga.* 608 (50 S. E. 337) and cit.; *Melson* v. *Phenix Ins. Co.,* 97 *Ga.* 722 (25 S. E. 189). As there is no evidence that the suit was brought within twelve months from the date of the death of the insured, the decision of the judge of the municipal court of Atlanta, declaring a nonsuit was proper, as was also the affirmance of that decision on appeal to appellate division of the municipal court; and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*