## GANTT *v.* AMERICAN NATIONAL INSURANCE COMPANY.

No. 8002. JULY 25, 1931. REHEARING DENIED SEPTEMBER 17, 1931.

*Winfield P. Jones,* for plaintiff.

*R. A. Edmondson Jr.,* and *Tye, Thomson & Tye,* for defendant.

HINES, J. This case is in this court upon the grant of a certiorari to review the decision of the Court of Appeals in *Gantt* v. *American National Insurance Co.,* 41 *Ga. App.* 627 (154 S. E. 213). The Court of Appeals held that the presumption of death, arising where persons are away from their usual places of abode and have not been heard of for seven years, relates only to the fact of death, and that whenever the time of death is material in any case, it must be established by distinct proof, and can not be established by such presumption. This principle had been previously announced by the Court of Appeals in *Ingram* v. *Metropolitan Life Insurance Co.,* 37 *Ga. App.* 206 (139 S. E. 363); but the latter decision was not referred to in the decision in the case which we now have under review. For convenience of reference we designate this principle as the English doctrine.

There is much conflict among the authorities upon the question whether the presumption of death from seven years absence raises a presumption of the death at the end of the seven-year period. Many cases hold that the presumption arising from seven years absence of a party from his accustomed place of abode, unheard from, raises a presumption of death only and not of the time of death, the latter of which must be determined by the facts and circumstances of each particular case. It has been stated that this was the English rule and that that rule is sanctioned by the weight of authority in this country. 17 C. J. 1174 (§ 18) j; and cases cited in note 3. The reason for this rule was stated by Lord Denman, C. J., thus: "Now, when nothing is heard of a person for seven years, it is obviously a matter of complete uncertainty at what point of time in those seven years he died; of all the points of time, the last day is the most improbable and most inconsistent with the ground of presuming the fact of death. That presumption arises from the great lapse of time since the party has been heard of; because it is considered extraordinary if he was alive that he should not be heard of. In other words, it is presumed that his not being heard of has been occasioned by his death, which presumption arises from the considerable time that has elapsed. If you assume that he was alive on the last day but one of the seven years,

then there is nothing extraordinary in his not having been heard of on the last day; and the previous extraordinary lapse of time, during which he was not heard of, has become immaterial by reason of the assumption that he was living so lately. The presumption of the fact of death seems, therefore, to lead to the conclusion that the death took place some considerable time before the expiration of the seven years." Nepean v. Doe, 2 M. & W. 895, 913, 150 Eng. Rep. (Reprint) 1021, 8 E. R. C. 512. On the contrary there are numerous cases which hold that in the absence of facts or circumstances to quicken the time, death is presumed to have occurred at the expiration of the seven years. Moffitt v. Varden, 5 Cranch C. C. 658 (Fed. Cas. No. 9689); Montgomery v. Bevans, 1 Sawy. 653 (Fed. Cas. No. 9735); Ashbury v. Sanders, 8 Cal. 62 (68 Am. D. 300); Burr v. Sim, 4 Whart. 150 (33 Am. D. 50); Crawford v. Elliott, 6 Del. 465; Whiting v. Nicholl, 46 Ill. 230 (92 Am. D. 248); Johnson v. Johnson, 114 Ill. 611 (3 N. E. 232, 55 Am. R. 883); Reedy v. Millizen, 155 Ill. 636 (40 N. E. 1028); Policemen's Benevolent Asso. v. Rice, 213 Ill. 9 (72 N. E. 764, 104 Am. St. R. 190); Donovan v. Major, 253 Ill. 179 (97 N. E. 231); Connecticut Mutual Life Ins. Co. v. King, 47 Ind. App. 587 (93 N. E. 1046); State v. Henke, 58 Iowa, 457 (12 N. W. 477); Spurr v. Trimble, 1 A. K. Marsh. (Ky.) 278; Schaub v. Griffin, 84 Md. 557 (36 Atl. 443); Newman v. Jenkins, 10 Pick. (Mass.) 515; Bailey v. Bailey, 36 Mich. 181; Chapman v. Kullman, 191 Mo. 237 (89 S. W. 924; Kauz v. Great Council, 13 Mo. App. 341; Smith v. Knowlton, 11 N. H. 191; Connor v. New York Life Ins. Co., 179 App. Div. 596 (166 N. Y. Supp. 985); In re Freeman, 227 Pa. 154 (75 Atl. 1063); Craig v. Craig, 8 S. C. Eq. 102. For convenience of reference we denominate this the American doctrine.

This principle is based upon the proposition that when a thing is shown to exist, its continuance is presumed until the contrary is shown or a conflicting presumption arises. Unless it is shown that death occurred prior to the expiration of the seven years absence, or some conflicting presumption arises from the facts proved, which would overcome the presumption of the continuance of life, the presumption of life would obtain until the full expiration of the period, when the contrary presumption of death, from the continued absence, would arise. In the absence of controvert-

ing facts, it will be presumed that life continued during the entire period. Reedy v. Millizen, supra. The presumption of the duration of life, with respect to persons of whom no account can be given, ends at the expiration of seven years from the time when they were last known to be living. Bailey v. Bailey, supra; Smith v. Knowlton, supra. Death is not presumed to have occurred until the expiration of the seven years, although it may be shown that death had occurred before the expiration of the seven years. Burr v. Sim, supra. In this State there is a presumption of law "of continuance of life for seven years." Penal Code, § 1016; Civil Code (1910), § 5740. *Hansen* v. *Owens,* 132 *Ga.* 648 (64 S. E. 800). It necessarily follows from this presumption, that, in the absence of controverting facts, the death of a person, whose absence from his usual place of abode for seven years, and of whom nothing has been heard during such period, will be taken to have occurred at the end of such period. Otherwise the presumption of continuance of life, which is declared to exist under the above sections of our codes, would be meaningless. In one of the earliest cases decided by this court it was held, that, in the absence of facts or circumstances evidencing the contrary, death will be presumed to have occurred at the expiration of the seven years. In *Cofer* v. *Thurmond,* 1 *Ga.* 538, this court held that where a person goes abroad and its not heard of for a long time, the presumption of the continuance of life ceases at the end of seven years from the period at which he was last heard of. In that case it was necessary to determine when an intestate died. Judge Nisbet said: "The intestate was last known to be living in 1794. In 1801, therefore, seven years from that time, according to Lord Ellenborough, the presumption of his being alive ceases." Under both our Penal and our Civil Code, as we have shown, there is a presumption of law "of continuance of life for seven years." Under these sections the continuance of life is presumed to exist for seven years from the time a person is last heard of, in the absence of proof to the contrary. It is unreasonable to hold, that, while the presumption of the continuance of life for seven years exists, at the end of the full period of seven years it will be held that the person died before the expiration of that period. While the presumption that death occurred after the expiration of the seven years is arbitrary, it is adopted as one of necessity. But for this presumption it

would be impossible for litigants in many cases to establish the exact dates of death where they are unable to produce proof or to show circumstances tending to show the dates of such deaths. So the law establishes an arbitrary presumption by which the date of death can be shown when proof thereof can not be obtained. So we are of the opinion, that, in the absence of facts or circumstances tending to establish the date of death, death is presumed to have occurred at the expiration of the seven years, the presumption of our law being that life continues for the period of seven years from the date when a person is last known to be in existence. This being so, we reverse the judgment of the Court of Appeals, and remand the case to that court for disposition in accordance with the above ruling.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hill, J., who dissent, and Gilbert, J., absent.*

HILL, J., dissenting. I can not concur in the opinion of the majority of the court in reversing the judgment of the Court of Appeals in this case. In my opinion that decision is supported by respectable authority, such as the Supreme Court of the United States, and in part by this court, and the decision of the Court of Appeals has been so concisely and logically expressed, and is sustained by such reputable authority, that I quote the decision in full: "Bloodworth, J. This is a suit instituted by the beneficiary of an insurance policy, to recover the amount of the policy, on the ground that the insured disappeared and had not been heard of for seven years, and was presumed to be dead. In *Hansen* v. *Owens*, 132 *Ga.* 648 (supra), the 1st headnote is as follows: 'The presumption of the duration of life, with respect to persons of whom no account can be given, ends at the expiration of seven years from the time when they were last heard of as living.' See *Cofer* v. *Thurmond*, 1 *Ga.* 538. Upon the trial of the instant case there was no evidence that the insured had 'been heard of as living' within seven years. In Davie v. Briggs, 97 U. S. 628, 634 (24 L. ed. 1086), it is stated that 'In the leading case in the Court of Exchequer of Nepean v. Doe dem. Knight (2 Mee. & W. 894), in error from the court of King's Bench, Lord Denman, C. J., said: "We adopt the doctrine of the Court of King's Bench, that the presumption of law relates only to the fact of death, and that the time of death, whenever it is material, must be a subject of distinct

proof.'" In that case Mr. Justice Harlan, citing a number of cases to support the statement, said: 'To the same effect are Mr. Green-leaf and the preponderance of authority in this country.' Under the foregoing ruling and the facts in this case we are authorized to presume that the insured was dead when suit was filed, but there is no presumption as to the date of his death. Whenever such a date is material and necessary, it 'must be a subject of distinct proof.' The date of the death of the insured is necessary to fix the time from which to estimate the beginning of the twelve months in which suit must be brought after his death. There is no evidence in the record to show this date, no evidence to show that the suit was commenced within twelve months of the death of the insured. The policy itself, in condition 6, provides that 'No suit shall be brought against the company after one year from the date of the death of the insured. If any suit be commenced after one year, the lapse of time shall be conclusive evidence against any claim, the provisions of any and all statutes of limitation to the contrary notwithstanding.' That this provision of the policy is legal is settled in *Metropolitan Life Ins. Co.* v. *Caudle,* 122 *Ga.* 608 (50 S. E. 337), and cit.; *Melson* v. *Phenix Ins. Co.,* 97 *Ga.* 722 (25 S. E. 189). As there is no evidence that the suit was brought within twelve months from the date of the death of the insured, the decision of the judge of the municipal court of Atlanta, declar-ing a nonsuit, was proper, as was also the affirmance of that decision on appeal to the appellate division of the municipal court; and the judge of the superior court did not err in overruling the certiorari."

Our Penal Code, § 1016, after declaring that presumptions are either of law or of fact, and declaring the effect of presumptions arising from failure to produce evidence, declares: "Other pre-sumptions of law, such as of innocence, and in some cases of guilt, of continuance of life for seven years, of a mental state once proved to exist, and all similar presumptions may be rebutted by proof." In Davie *v.* Briggs, supra, it was held: "A person who after seven years has not been heard of by those who, had he been liv-ing, would naturally have heard of him, is presumed to be dead; but the law raises no presumption as to the precise time of his death." Mr. Justice Harlan, after stating the case, delivered the opinion of the court in part as follows: "The appellants, as the heirs-at-law of Allen Jones Davie, deceased, assert an

interest in the proceeds of a sale which took place in June, 1853, of a tract of land in Guilford County, North Carolina, known many years ago as the McCulloch gold mine. Whether the defence, so far as it rests upon the statute of limitations of North Carolina, can be sustained, depends upon the evidence as to the time when Allen Jones Davie died. The learned counsel for appellants insist that, consistently with the legal presumption of death after the expiration of seven years, without Allen Jones Davie being heard from by his family and neighbors, the date of such death should not be fixed earlier than the year 1858. In that view,—excluding from the computation of time the war and reconstruction period between Sept. 1, 1861, and Jan. 1, 1870, as required by the statutes of North Carolina (Johnson v. Winslow, 63 N. C. 552),—the suit, it is contended, would not be barred by limitation. The general rule undoubtedly is, that 'a person shown not to have been heard of for seven years by those (if any) who, if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death.' Stephen, Law of Evid. c. 14, art. 99; 1 Greenl. Evid. sect. 41; 1 Taylor, Evid. sect. 157, and authorities cited by each author. But that presumption is not conclusive, nor is it to be rigidly observed without regard to accompanying circumstances which may show that death in fact occurred within the seven years. If it appears in evidence that the absent person, within the seven years, encountered some specific peril, or within that period came within the range of some impending or immediate danger, which might reasonably be expected to destroy life, the court or jury may infer that life ceased before the expiration of the seven years. Mr. Taylor, in the first volume of his Treatise on the law of Evidence (sect. 157), says that, 'although a person who has not been heard of for seven years is presumed to be dead, the law raises no presumption as to the time of his death; and, therefore, if any one has to establish the precise period during those seven years at which such person died, he must do so by evidence, and can neither rely, on the one hand, on the presumption of death, nor, on the other, upon the presumption of the continuance of life.' These views are in harmony with the settled law of the English courts. In Re Phene's Trust, Law Rep. 5 Ch. 139; Hopewell v. DePinna, 2 Camp. N. P. 113; Reg. v.

Lumley, Law Rep. 1 C. C. 196; Re Lewes's Trusts, Law Rep. 11 Eq. 236; 32 Law J. Ch. 104; 40 Id. 507; 29 Id. 286; 37 Id. 265. In the leading case in the Court of Exchequer of Nepean v. Doe dem. Knight (2 Mee. & W. 894), in error from the Court of King's Bench, Lord Denman, C. J., said: 'We adopt the doctrine of the Court of King's Bench, that the presumption of law relates only to the fact of death, and that the time of death, whenever it is material, must be a subject of distinct proof.' To the same effect are Mr. Greenleaf and the *preponderance of authority in this country.* [Emphasis mine.] 1 Greenl. Evid., sect. 41; Montgomery v. Bevans, 1 Sawyer, 653; Stevens v. McNamara, 37 Me. 176; Smith v. Knowlton, 11 N. H. 191; Flynn v. Coffee, 12 Allen (Mass.) 133; Loring v. Steinman, 1 Metc. (Mass.) 204; McDowell v. Simpson, 1 Houst. (Del.) 467; Whiting v. Nicholl, 46 Ill. 230; Spurr v. Trumble, 1 A. K. Mar. (Ky.) 278; Doe ex dem. *Cofer* v. *Flanagan,* 1 *Ga.* 538; Smith v. Smith, 49 Ala. 156; Prim v. Stewart, 7 Tex. 178; Gibbs v. Vincent, 11 Rich. (S. C.) 323; Hancock v. American Life Insurance Co., 62 Mo. 26, 121; Stouvenal v. Sepkins, 2 Daly (N. Y.), 319; McCartee v. Camee, 1 Barb. (N. Y.) Ch. 456. And such seems to be the settled doctrine in North Carolina. In Spencer v. Moore (11 Ired. 160), the Chief Justice of the Supreme Court of that State said: 'The rule as to the presumption of death is that it arises from the absence of the person from his domicile without being heard from for seven years. But it seems rather to be the current of the authorities that the presumption is only that the person is then dead, namely, at the end of the seven years; but that the presumption does not extend to the death having occurred at the end, or any other particular time within that period, and leaves it to be judged of as a matter of fact according to the circumstances, which may tend to satisfy the mind, that it was at an earlier or later day.' The question again arose in the subsequent case of Spencer v. Roper (13 Id. 333, 334), when that court reaffirmed Spencer v. Moore, and, referring with approval to the doctrine announced by the Court of King's Bench in Doe dem. Knight v. Nepean (5 Barn. & Adol. 86, same case as 2 Mees. & W. 894, supra), said: 'Where a party has been absent seven years without having been heard of, the only presumption arising is that he is then dead,—there is none as to the time of his death.'"

In 1 Greenleaf on Evidence (16th ed.), 138, § 41, it is said: "Where the issue is upon the life or death of a person once shown to have been living, the burden of proof lies upon the party who asserts the death. But after the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved upon the other party; this period was inserted, upon great deliberation, in the statute of bigamy, and the statute concerning leases for life, and has since been adopted, from analogy, in other cases; it is not necessary that the party be proved to be absent from the United States; it is sufficient, if it appears that he has been absent for seven years from the particular State of his residence, without having been heard from. The presumption in such case is, that the person is dead; but not that he died at the end of the seven years, nor at any other particular time. The time of the death is to be inferred by the jury from the circumstances." In 17 C. J. 1174, § 17, it is said: "There is much confusion among the cases, sometimes among those in the same jurisdiction, upon the question of whether the presumption of death from seven years absence raises any presumption as to the time of the death. It was the English rule that the presumption was of death only, and not of the time of death, which was to be determined by the facts and circumstances of each particular case, and the English rule is sanctioned by the weight of current authority in this country." Note 3. And see 8 R. C. L. 711, § 7.

The policy of insurance in this case contained a clause which provided that in case of death suit should be brought for the recovery of the proceeds of the policy within one year after death. There is no evidence in the present record to show, and no presumption of law, which would fix the date of the death of the insured; and therefore it can not be held that the beneficiary has complied with the provision of the policy which required suit to be brought within twelve months from the date of death of the insured. Even if it could be held that the insured died at the expiration of seven years from the time he was last heard from, there is nothing in the record to show that suit was brought within twelve months of that date.