21324. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *v.* DICKENS.

JENKINS, P. J. 1. "The presumption of duration of life, with respect to persons of whom no account can be given, ends at the expiration of seven years from the time when they were last known to be living." *Cofer* v. *Flanagan,* 1 *Ga.* 538; *Adams* v. *Jones,* 39 *Ga.* 479 (4) ; *Hansen* v. *Owens,* 132 *Ga.* 648 (64 S. E. 800) ; *Gantt* v. *American National Ins. Co.,* 173 *Ga.* 323 (160 S. E. 345).

2. While the presumption of death arising from seven years absence of a person from his accustomed place of abode, unheard from, is not conclusive and may be rebutted by proof (*Murchison* v. *Green,* 128 *Ga.* 339, 342, 57 S. E. 709, 11 L. R. A. (N. S.) 702), whether the circumstances of the case are such as to account for his not being heard of without assuming his death is ordinarily a question of fact to be determined by the jury. 17 C. J. 1173, § 15. And see 1 Greenleaf on Evidence (16th ed.) 138, § 41.

3. In the instant suit on a policy of insurance, on which all the premiums had been paid, where the evidence relied on to establish the maturity of the policy was that the insured had left his home in Georgia about nine years prior to the filing of the petition, and where the testimony showed that the father of the insured had offered a reward for information concerning him, had investigated every rumor concerning his whereabouts, had informed the insurance company of the son's disappearance and asked it to locate the insured, and made one trip to another State in search of him, and where the testimony showed that the insured had never been heard from since his disappearance, more than nine years before the suit was filed, a verdict in favor of the plaintiff was authorized. It can not be said that the circumstances appearing from the evidence, that the insured, who was a tenant on land belonging to his father, had sold cotton on which the father as landlord had a lien, without obtaining his permission, and that the insured had frequent quarrels with his wife and left minor children at home with his wife, and thus might have been guilty of abandonment, constituted facts such, as a matter of law, account for his not being heard of without assuming his death, especially since there was other evidence tending to show that the relations between the insured and his father's family were pleasant and agreeable, and that the father had indulged the son in many derelictions, and that the father, up to the time of the trial, had continued to contribute to the support of the children. Accordingly, the verdict in favor of the plaintiff, which is the second verdict in her

favor, can not be set aside on the general grounds as elaborated, as being without evidence to support it.

4. The defendant's request to charge, that if the jury believed, from the evidence, that the insured was "not dead, but that his absence and silence and failure to communicate with his family and friends has been caused by his desire to conceal himself, you should return a verdict for the defendant in this case," was covered by the charge of the court, the court instructing the jury as follows: "The presumption of death, arising by reason of seven years' absence as above explained, is only a prima facie and not a conclusive presumption, and may be rebutted by facts and circumstances in evidence which in the judgment of the jury account for the absence without assuming death." The court further instructed the jury that the presumption of death "does not prevail, if the facts and circumstances in evidence satisfactorily explain and show a reason for the absence," and that "if the evidence in the case satisfies your minds that seven years' absence and silence of the insured is occasioned by some cause other than death, then the presumption of death by reason of such absence, unheard from, would be overcome and rebutted. Further, if the facts and circumstances in evidence authorize a reasonable inference that the person in question is not dead, though lost to sight and unheard of for seven years, the law will not presume he is dead." *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 17, 1931.

*Bryan, Middlebrooks & Carter, William K. Meadow,* for plaintiff in error.

*Lamar C. Rucker,* contra.