22793. AMERICAN NATIONAL INSURANCE CO. *v.*
GANTT, adm'r.

DECIDED APRIL 20, 1933.

*Tye, Thomson & Tye, R. A. Edmondson Jr.,* for plaintiff in error.
*Winfield P. Jones,* contra.

GUERRY, J. This case comes to this court on exceptions to the overruling and dismissing of a petition for certiorari from the municipal court of Atlanta to the superior court of Fulton county. It has appeared in this court before (41 *Ga. App.* 627, 154 S. E. 213), and, by certiorari, in the Supreme Court (173 *Ga.* 323, 160 S. E. 345). The Supreme Court held: "The presumption arising from seven years absence of a person from his accustomed place of abode, unheard from, raises not only a presumption of death, but also a presumption of death at the end of the seven-year period, in the absence of proof to the contrary." The question as to what date was the end of the seven-year period, therefore, becomes of vital importance in the present case, in order to show whether or not suit was entered on the insurance policy within twelve months from the date of the death of the insured. The plaintiff, Dora Gantt, the beneficiary of the insurance policy, was the sole witness in the case. She testified, in substance, as follows: "My nephew (the insured) left Atlanta longer than 10 or 12 years ago. I haven't heard a word from him directly in 15 or 16 years. He went to Pittsburgh and was married. I heard from him regularly for a while, but this was discontinued a number of years ago. I learned of his disappearance a long time ago. About 8 or 9 or 10 years ago I heard he was dead. His wife was still investigating to ascertain whether he was alive or dead 6 or 7 years ago. She has since married." The petition alleged that the insured disappeared, the exact time being unknown, but being a period of at least "a year prior to seven years prior to February 10, 1928," and further alleged that the 10th day of February, 1928, was the date on which the insured became deceased.

The only evidence as to his being deceased was the fact that he had been unheard of for a period of seven years or longer. Suit was filed February 9, 1929. Counting back seven years from February 10, 1928, which is the length of time necessary for the presumption of death to arise, and adding thereto one year in which suit must be entered, it appears, even from the pleadings, that there is only a margin of one day. The testimony quoted above shows that the plaintiff is unable to give any definite date as to the disappearance of the insured; and, this being material and necessary in order to support a verdict, the verdict in this case was without evidence to support it, she having testified that she had learned of his death or disappearance 9 or 10 years before the filing of the suit. "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, and equivocal. And unless there be other evidence tending to establish his right to recover, he is not entitled to a finding in his favor, if that version of his testimony the most unfavorable to him shows that the verdict should be against him. *Louisville & Nashville R. Co.* v. *Lusk*, 37 *Ga. App.* 99 (139 S. E. 89); *Young* v. *Landers*, 31 *Ga. App.* 59 (3) (119 S. E. 464); *Southern Bank* v. *Goette*, 108 *Ga.* 796 (33 S. E. 974); *Long Cigar &c. Co.* v. *Harvey*, 33 *Ga. App.* 326 (2) (125 S. E. 870), and cases cited therein. The court therefore erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*