JENNINGS *v.* LONGINO.

592

No. 9289.  September 13, 1933.

*C. N. Davie, J. F. Kemp,* and *H. T. Golightly,* for plaintiff in error.

*Arnold, Arnold & Gambrell* and *Dean J. Ralliffe,* contra.

PER CURIAM. (After stating the foregoing facts.) The court erred in overruling the general demurrer to the petition. It is true that a court of equity has jurisdiction, in a proper case, to enjoin a suit in the municipal court of Atlanta; and if it had appeared that the judgment granting the application of Jennings to be ap-

pointed administrator of the estate of Lillie Flinn had been procured by fraud, then the court should have overruled the demurrer and should have set aside the judgment appointing Jennings administrator. Conceding that the judgment of the court of ordinary of Fulton County, vacating and setting aside a former judgment which granted letters of administration to Mrs. Mattie Campbell, and a judgment refusing letters of administration to C. E. Pressley, were such judgments as, if pleaded by way of estoppel, would have prevented the order appointing Jennings administrator, the mere existence of these two judgments did not render fraudulent a judgment granting the application of Jennings to be appointed administrator, although they were not referred to in the application of Jennings to be appointed; nor, so far as the record shows, was the court apprised of the existence of those judgments. Res adjudicata and estoppel by judgment must be pleaded, in order to be effective. But Jennings was not under obligation to set forth these matters now set up as estoppel when his application in 1932 came on for a hearing; and his failure to advise the court of the existence of those judgments does not show such fraud as would authorize the vacating of his letters of administration. His application for letters shows all the facts essential to the granting of letters of administration. In his petition he alleges that he is the sole heir at law and next of kin to Lillie Flinn; that Lillie Flinn was a resident of Campbell County, now Fulton County; that she disappeared from her residence about May, 1907; that she has not been heard from since that time, and no one knows what became of her, and those who would be most likely to hear from her have had no tidings; that she disappeared and has not taken up or established residence elsewhere in this State, nor has she established her residence in another State or country within the knowledge of petitioner; and that neither petitioner nor Lillie Flinn's nearest friends and relatives have heard from her since she disappeared on or about May, 1907. While petitioner did not in express terms allege that Lillie Flinn was dead, he alleged facts from which there arose such a presumption of death as would authorize the appointment of an administrator of her estate. In *Gantt* v. *American National Ins. Co.*, 173 *Ga.* 323 (150 S. E. 345), it was said: "The presumption arising from seven years absence of a person from his accustomed place of abode, unheard from, raises not only a presumption of

death, but also a presumption of death at the end of the seven-year period, in the absence of proof to the contrary." See also *Rudulph* v. *Brown*, 150 *Ga.* 147 (103 S. E. 251). In *Adams* v. *Jones*, 39 *Ga.* 479, it was held: "The seven years absence of [a named party], without being heard of, was presumptive evidence of his death and authorized the ordinary of Dooly County to grant letters of administration on his estate; and although that presumption might have been rebutted on the trial, still the letters of administration were conclusive, on the trial of this case, as to that fact, in the absence of any evidence rebutting that presumption." And courts of other jurisdictions have made substantially the same ruling. See Donovan v. Major, 253 Ill. 179 (97 N. E. 231); Dickinson v. Donovan, 160 Ill. App. 195.

Having held that the allegations of the petition in this case do not allege such facts as would authorize the court to set aside the judgment of the court of ordinary granting the application of Jennings for letters of administration, it follows that the general demurrer to the petition should have been sustained and the injunction refused. The plaintiff in this case (defendant in the suit brought by Jennings in the municipal court) may in that court make his defenses and show that Jennings is not entitled to recover a judgment against the defendant in the same case, whether that suit of Jennings be one upon the bond or upon the note referred to. What form this defense will take it is not for us to indicate; but the holding in this case that the demurrer to the equitable petition filed by Longino should be sustained in no wise interferes with any lawful defense in the municipal court which petitioner Longino sees fit, under the facts, to set up.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Atkinson, J., who dissent.*