23520. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY
*v.* HANKERSON.

JENKINS, P. J. 1. "The presumption arising from seven years absence of a person from his accustomed place of abode, unheard from, raises not only a presumption of death, but also a presumption of death at the end of the seven-year period, in the absence of proof to the contrary." *Gantt* v. *American National Insurance Co.*, 173 *Ga.* 323 (160 S. E. 345); *Jennings* v. *Longino,* 177 *Ga.* 591, 599 (170 S. E. 806). These, however, are but prima facie presumptions, subject to rebuttal by proof. Civil Code (1910), § 5740; Penal Code, § 1016. "Where it is sought to raise a presumption of death, by reason of the absence of a person from his last known place of residence or domicile for seven years without being heard from, by the testimony of a witness who merely makes inquiry to lay the foundation for such proof and who himself is not cognizant of any of the facts, the evidence must show that there has been an unsuccessful effort to find the absent person by search and diligent inquiry at his last known place of residence and among his relations or acquaintances, if any, and it must appear that the absent party has not been heard from for seven years or more by those who would be most likely

to hear from him. Evidence of absence of a person from his original place of residence will not raise the presumpton of death, where it appears that he has moved to another place and there located." *Hansen* v. *Owens*, 132 *Ga.* 648 (2, 3), 652 (64 S. E. 800). Where the person supposedly dead has moved "from this State to a named point in another State, inquiry must be made at the last known domicile of the absentee at which he resided in the other State; and it must be shown, by those who would be most likely to hear from him, that he was absent and unheard of in the last place of residence for seven years." *Rudulph* v. *Brown*, 150 *Ga.* 147 (2), 150-152 (103 S. E. 251).

2. The plaintiff's amended petition, seeking to recover as beneficiary upon a life-insurance policy issued to a second cousin of the plaintiff, alleged that the insured disappeared from Savannah, Georgia, in the fall of 1924, and had since remained absent and unheard of, notwithstanding the plaintiff's diligent inquiries, and was sufficient, as against the defendant's demurrer, to raise the presumption that the insured was dead at the end of the seven-year period.

3. The amended petition was not subject to the ground of demurrer that, no insurable interest in the plaintiff being shown, the policy was a wagering contract. The amendment alleged that the policy was issued to the alleged deceased person as the insured, and the plaintiff, who did not procure the policy, being the beneficiary, the fact that she was only his second cousin was immaterial. *Union Fraternal League* v. *Walton*, 109 *Ga.* 1 (34 S. E. 317, 46 L. R. A. 424, 77 Am. St. R. 350); *Ancient Order United Workmen* v. *Brown*, 112 *Ga.* 545, 548 (37 S. E. 890); *Grand Lodge K. of P.* v. *Barnard*, 9 *Ga. App.* 71, 77 (70 S. E. 678); *Cherokee Life Insurance Co.* v. *Banks*, 15 *Ga. App.* 65, 66 (82 S. E. 597); *Interstate Life & Accident Co.* v. *Frazier*, 40 *Ga. App.* 811 (2), 812 (151 S. E. 529). Nor is there any merit in the ground that it is not shown when the insured died, or in other grounds of the demurrer. The court did not err in allowing the amendment to the petition, changing the original averment that the policy was issued to the plaintiff to an averment that it was issued to the alleged deceased person as the insured, the policy itself, a copy of which was made a part of the original petition, so showing.

4. Under the immediately preceding ruling and the uncontradicted evidence that the policy was issued to the deceased and not to the plaintiff as the insured, the court did not err in failing to submit to the jury the defense that the policy was void because the plaintiff beneficiary, as a second cousin of the alleged deceased, had no insurable interest in his life.

5. Exception is taken to the following charge: "A man is presumed to live at least seven years after you last heard from him, and if you believe, from the evidence, that this man, the deceased, if deceased, left his last known place of abode or domicile and residence, and that has continued for seven years, and he has not been heard from or seen, and that diligent search and inquiry has been made by his relatives or friends at that last known place of abode, and yet they have not heard from him or seen him, then the presumption is that he is dead." This instruction having stated with substantial correctness, the presumption arising from seven years' absence of a person, the failure to define or

elaborate more fully the meaning of the "last known place of abode" or the nature of the search which must have been made can not be accounted as error, especially in the absence of a written request for such a charge.

6. An absolute refusal by the insured to pay the loss constitutes a waiver of a policy requirement as to notice of death and proof of loss. Civil Code, § 2490; *Harp* v. *Fireman's Fund Insurance Co*, 130 *Ga.* 726, 730 (61 S. E. 704, 14 Ann. Cas. 299); *National Life Insurance Co.* v. *Jackson*, 18 *Ga. App.* 494 (89 S. E. 633). Under the general ground of the insurance company's motion for a new trial, after a verdict in favor of the plaintiff for $160, the amount of the policy, the plaintiff's failure to furnish proofs of loss to the defendant would not defeat her right to recover, since the evidence showed a demand by her for payment and a refusal thereof by the defendant.

7. "Bare presumptions of law give way to testimony, which may shift the burden of proof or of proceeding to the opposite party, and he is not then entitled to prevail upon the presumption alone. . . Whether the presumption has been successfully rebutted with testimony is ordinarily a question for the jury." *Hamby* v. *Crisp*, 48 *Ga. App.* 418 (6, a) (172 S. E. 842). Thus, where the presumption from absence is relied upon to show death, the issue as to life or death would be for the jury, where the evidence tending to rebut the legal presumption is merely circumstantial, or where, notwithstanding direct or circumstantial rebuttal evidence, the bare legal presumption of death is itself supported by direct or circumstantial proof. But the mere legal presumption is completely overcome by positive uncontradicted evidence that the person is in fact alive, and even by competent proof of his existence within the seven-year period. In such a case the party relying on the presumption is not entitled to prevail thereon. See 17 C. J. 1172, 1173, §§ 12-15; *Jones* v. *Teasley*, 25 *Ga. App.* 784, 787, 788 (105 S. E. 46).

8. Upon the general grounds, the court erred in refusing a new trial, since a verdict was demanded in favor of the defendant under the evidence, which showed that the insured had been seen and heard from within the seven-year period of his alleged absence as set out in the petition. The sole evidence for the plaintiff was that of herself and the mother of the insured, which was limited to his absence, unheard of by them, from his former domicile and residence in Georgia, and their inquiries at that domicile and residence. The alleged death of the insured at the end of the seven-year period of absence thus resting only upon the presumption of law, it was entirely rebutted by direct, positive, and uncontradicted evidence. The foster father of the insured testified, that the insured, after leaving home, had gone to North Carolina and California; that he had seen the insured, after his return from North Carolina, three years before the trial, when he stated that he was going to Los Angeles, California; and that the witness had received a letter from him from that city "Christmas gone, one year ago." Another witness testified to seeing the insured three years previously, when he returned from North Carolina. The cashier of the defendant testified that she talked with the plaintiff when a delinquent premium was paid in December, 1931; that pursuant to her duty to inquire as to whether the insured was then

in good health, she so inquired of the plaintiff; and that the plaintiff replied that "she had received a letter from him on the day before, which would have made it on December 23, 1931, . . and he was all right." While the plaintiff denied making such admission, and while there was evidence tending to impeach the testimony of the foster father, to the effect that he had been promised and was expecting remuneration from the defendant for giving his testimony, which remuneration the jury might have found, under the indefinite testimony, was not mere witness fees and expenses, yet the testimony of the other witness was unimpeached and uncontradicted. The plaintiff was therefore not entitled to a verdict based upon the mere presumption of death.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 19, 1934.

*Hammond & Kennedy,* for plaintiff in error.
*H. A. Woodward,* contra.