## 24001, 24009. HOLLOWAY v. TRAVELERS INSURANCE COMPANY; and vice versa.

DECIDED NOVEMBER 2, 1934.

*F. M. Gleason,* for plaintiff.
*Finley & Campbell, Maddox, Matthews & Owens,* for defendant.

GUERRY, J. This is an action on a policy of insurance, the plaintiff being the holder of a certificate issued by reason of a master policy issued by the defendant to the employer of the plaintiff. The plaintiff claimed a total disability arising because of

88

disease during the time of his employment by the company to which the master policy was issued. By the terms of the policy it was provided: "If any employee . . become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will pay to him," etc. The plaintiff claims to have left the employ of the company by reason of bodily disease, to wit, piles or hemorrhoids, in November, 1931. Claim was not filed until December, 1932. He testified that after he quit work in November, 1931, for the company to which the master policy was issued, he peddled fruit for. a living until April, 1932, at which time he rented a small farm; that "The land was rocky and rough, hadn't been cultivated in a number of years. I cut up bushes, briars, and things of that kind, and cleaned it up and sprouted it off. . . I planted and made a crop that year." Plaintiff also testified that he cut timber with a cross-cut saw and helped build a house and earned $1 per day helping in a hauling job; that at the time of the trial he was working for the Civil Works Administration and had been for five or six weeks, earning 45 cents per hour. The physician sworn for the plaintiff testified on direct examination, after having given a history of his treatment of the plaintiff for piles, "I will say that this man wouldn't be a fit subject to work at all, I would say he would not be in a physical condition to work." He testified that piles was a curable disease and that plaintiff's condition had responded to treatment each time it was administered. On cross-examination he testified, on being asked about the plaintiff's cutting logs, loading them on a wagon, building houses, and doing farm work, "if he actually did that, I wouldn't say he was physically incapacitated for labor. . . If he actually worked then he would have the capacity for work. He would, or he could not have worked." Further testifying he said: "If a man had a pretty bad case of piles in the spring of 1931, and continued to work, and at the same time he responded to treatment and improved considerably, I don't think it would show he was incapacitated to work. . . I think he is in a better condition now than he was in 1931 and 1932." At the conclusion of plaintiff's testimony the court granted a nonsuit on the ground that the evidence introduced failed to show that the plaintiff, since the date he left the employ

of the company, had been wholly and continuously and permanently disabled and would be wholly, continuously and permanently disabled for life from engaging in any occupation or employment for wage or profit, as is provided in the policy sued on.

We think the court was correct in so ruling. We recognize the rule adopted in this State that a motion for nonsuit should not be granted when there is any evidence tending to sustain the plaintiff's action, or where the jury could fairly infer from the evidence a state of facts favorable to the plaintiff's right of recovery. This rule is so well established as to need no citation of authorities. However, it is also well established that "the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, or equivocal. And unless there be other evidence tending to establish his right to recover, he is not entitled to a finding in his favor, if that version of his testimony the most unfavorable to him shows that the verdict should be against him." *Long Cigar &c. Co.* v. *Harvey*, 33 *Ga. App.* 236 (125 S. E. 870). See also *American Nat. Ins. Co.* v. *Gantt*, 46 *Ga. App.* 744 (169 S. E. 133). The testimony of the plaintiff is that he has been engaged in gainful occupations at tasks requiring hard physical labor since his employment with the company to which the defendant issued the master policy. His physician's evidence was that if he actually did the work he testified that he performed, he would not be totally disabled from bodily disease. His evidence was further to the effect that the disease suffered by the plaintiff was curable and that the plaintiff had responded to treatment. There is a total lack of evidence that it was even probable that he would suffer and be wholly, continuously, and permanently disabled for life from engaging in any occupation or employment for wage or profit, but there was evidence to the contrary. We think the ruling of the trial judge in granting a nonsuit was correct.

Under this view of the case it becomes unnecessary to discuss the various other assignments of error in the main bill or in the cross-bill of exceptions.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Broyles, C. J., and MacIntyre, J., concur.*