25215. GOODE, administrator, *v.* TUGGLE.

DECIDED JANUARY 31, 1936.

*Duke Davis, R. W. Martin,* for plaintiff.

*W. T. Tuggle,* for defendant.

Sutton, J. Will Goode, administrator of Warren Dansby, brought suit against W. T. Tuggle, for money claimed to be due his intestate. It was alleged, that the defendant had been administrator of Lem Dansby, who died in 1909, leaving as his sole heir his brother, Warren Dansby, who was then in life, but whose whereabouts were then unknown; that the defendant had obtained his discharge, the order granting it providing that the defendant retain at four per cent. interest, the sum now claimed by the plaintiff for payment to the heirs of Lem Dansby; and that the plaintiff's intestate was a resident of Georgia until 1905, when he left this State, being last heard of in Alabama in 1910, although diligent search and inquiry has been made by his relatives and acquaintances. The defendant answered, denying liability, and alleging that he was holding the money as the property of the estate of Lem Dansby; that it belonged to the legal heirs of Lem Dansby; that the defendant did not know that Warren Dansby, if living, was the sole heir of Lem Dansby, or, if dead, that his estate was entitled to receive the money; and that the defendant had never been able to ascertain whether Warren Dansby was dead or alive, and, if dead, whether he died before or after Lem Dansby died. On the trial the plaintiff introduced a certified copy of his letters of administration; also the defendant's petition for discharge as administrator of Lem Dansby, in which it was stated "that Warren Dansby is the sole heir of the estate" of Lem Dansby, "if still in life, and the said W. T. Tuggle has made diligent search for the said Warren Dansby, but has been unable to locate him;" also the order of the ordinary discharging the defendant, but allowing him to retain the money as aforesaid. A friend and acquaintance of Lem and Warren Dansby testified for the plaintiff, that he was 49 years of age and had known Warren Dansby all of the witness's life, having been with him constantly as a companion before his moving from Georgia; that Warren Dansby left LaGrange 30 or 35 years ago, when the witness was about 19 years old; that in 1910 the witness went to work in the coal mines at Red Star, Alabama, and found Warren Dansby working in the same place:

that after about 18 months at this place the witness left, and Warren Dansby remained; that the witness went back to Red Star in the year 1920, and did not find Warren Dansby there, and, upon inquiry of those who knew Warren Dansby in Red Star, the witness was informed that Warren had been gone about 8 years, and they did not know where he was or what had become of him; that the witness stayed there about two years, but did not ascertain anything further about Warren Dansby; that while in Red Star in 1910 the witness knew of Lem Dansby's death, but said nothing about it to Warren; and that Warren was the only brother and nearest relative of Lem Dansby. The defendant testified, that he had the money on hand; that he was administrator of Lem Dansby, who died in 1909; that Warren Dansby was the only heir of his intestate whom he could find; that he made inquiry for Warren in Tennessee, where he was informed Warren went after leaving LaGrange, but did not find out anything about him; and that he did not know the whereabouts of Warren Dansby, nor had he heard any trace of him since four or five years before Lem Dansby died. No other evidence appears in the record. The trial resulted in a verdict for the defendant. The plaintiff's motion for new trial was overruled, and he excepted.

1. The defendant's motion to dismiss the bill of exceptions on the ground that the plaintiff's counsel failed to serve briefs within the time and as prescribed by rule 21 of this court can not be sustained. Failure to comply with this rule is not ground for dismissal of the bill of exceptions. *Kerns* v. *Crawford,* 51 *Ga. App.* 158 (179 S. E. 854); *Gaines* v. *Southern Stages Inc.* 51 *Ga. App.* 631 (181 S. E. 190); Code, §§ 6-1306, 24-3621, 24-3651.

2. "The presumption arising from seven years absence of a person from his accustomed place of abode, unheard from, raises not only a presumption of death, but also a presumption of death at the end of the seven-year period, in the absence of proof to the contrary." *National Life & Accident Ins. Co.* v. *Hankerson,* 49 *Ga. App.* 350 (175 S. E. 590). Where the person supposedly dead has moved "from this State to a named point in another State, inquiry must be made at the last known domicile of the absentee at which he resided in the other State; and it must be shown by those who would be most likely to hear from him, that he was absent and unheard of in the last place of residence for seven

years." *Rudulph* v. *Brown,* 150 *Ga.* 147 (2), 150-152. Thus the rule is that where a person removes from this State to a point in another State, and inquiry at such point in the other State, ascertains that he has gone and is unaccounted for and unheard of for the past seven years or longer, the presumption of the continuance of life ceases, and a legal presumption as to his death at the end of the seven years arises. *Gantt* v. *American National Ins. Co.,* 173 *Ga.* 323 (160 S. E. 345) ; *Jennings* v. *Longino,* 177 *Ga.* 591, 599 (170 S. E. 806). Presumptions of law are conclusions and inferences which the law draws from given facts. Code, § 38-113. In case of a legal presumption, the law does the reasoning and draws the inference. While such a presumption is only prima facie true and may be rebutted, if it is not rebutted the law draws the conclusion that the person not heard from at his last known place of domicile out of this State for over seven years is dead. It is the same kind of evidence as the presumption that a public officer does his duty, and where there is nothing to rebut it, it will prevail. *Jones* v. *McCrary,* 123 *Ga.* 282 (51 S. E. 349) ; *National Life & Accident Ins. Co.* v. *Hankerson,* supra. Under the evidence, which was not contradicted, and the legal presumption arising therefrom, the plaintiff made out a prima facie case entitling him to recover, and there being no evidence to the contrary, the verdict in favor of the defendant was unauthorized.

3. The judge did not err in refusing to charge the following written request "If you believe that Warren Dansby has been absent from his last known place of abode for more than seven years, the law presumes that he is dead, and in the absence of any evidence to the contrary to rebut that presumption, it will then be conclusive that he is dead." The principle embodied in such request is not complete and it is not a correct statement of the law. The other special grounds of the motion for new trial show no error.

4. The verdict not being authorized by the evidence, the judge erred in overruling the plaintiff's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*