25222. GANTT, administrator, *v.* AMERICAN NATIONAL INSURANCE COMPANY.

JENKINS, P. J. 1. A pauper affidavit on a bill of exceptions, stating: "Personally appeared before me the undersigned Tom Gantt, plaintiff in error in the bill of exceptions filed in the above stated case, and on oath says that he is, because of his poverty, unable to pay the costs in said case," is insufficient to relieve from the payment of costs, in that it fails to allege the inability of the estate, represented by the administrator, to pay such costs. The entitling of the affidavit, "Tom Gantt, administrator of the estate of Dora Gantt, deceased, plaintiff in error," and the description of the affiant in the· affidavit as "plaintiff in error in the bill of exceptions filed in the above-stated case," are not the equivalent of an averment as to the poverty of the estate, where the affiant merely alleges that "*he* is, because of *his* poverty, unable to pay the costs," and where the suit is being prosecuted by the administrator for the estate. *Barfield* v. *Hartley,* 108 *Ga.* 435 (33 S. E. 1010); *Veal* v. *Veal,* 46 *Ga. App.* 31 (166 S. E. 460). Therefore, the clerk properly construed the affidavit as insufficient and required the payment of costs.

2. The provisions of the Code of 1933, § 38-118, and the decisions rendered thereunder, creating and recognizing a presumption of death by reason of seven years' absence of a person from his accustomed place of abode, raise the further presumption that death occurred at the expiration of such seven-year period of disappearance. *Gantt* v. *American·National*

*Ins. Co.*, 173 *Ga.* 323 (160 S. E. 345), s. c. 41 *Ga. App.* 627 (154 S. E. 213); *Rudulph* v. *Brown*, 150 *Ga.* 147 (2), 150-152 (103 S. E. 251); *Hansen* v. *Owens*, 132 *Ga.* 648 (2, 3), (64 S. E. 800); *Jennings* v. *Longino*, 177 *Ga.* 591, 599 (170 S. E. 806); *National Life &c. Ins. Co.* v. *Hankerson*, 49 *Ga. App.* 350 (175 S. E. 590); *Goode* v. *Tuggle*, 52 *Ga. App.* 510 (183 S. E. 850, 852).

3. In this suit on a life-insurance policy, which required an action thereon to be brought within one year after the death of the insured, the evidence was wholly insufficient to show or indicate that death had occurred within one year prior to the filing of the suit. The testimony of the deceased plaintiff beneficiary, given on a previous trial and reintroduced on the instant trial, having been previously held by this court as failing to show that the action was brought within one year from the expiration of the period of disappearance (*American National Ins. Co.* v. *Gantt*, 46 *Ga. App.* 744, 745, 169 S. E. 133), the case of her administrator on the instant trial was not strengthened by the new admitted testimony or proffered testimony, tending to show that the deceased beneficiary had received actual knowledge of the date when the death of the insured actually occurred, many years prior to her death and many years prior to the filing of her suit. Moreover, even if the new admitted or proffered testimony should be treated as pertaining to the date of disappearance rather than the date of the actual death of the insured, it failed to show that the disappearance occurred within eight years prior to the suit, fixing the date of death as seven years after the date of disappearance, and allowing the additional year within which suit was required to be brought. The judge properly granted a nonsuit, and the appellate division of the municipal court did not err in affirming that judgment.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 8, 1936.

428

*Winfield P. Jones, Carroll Payne Jones,* for plaintiff.
*Tye, Thomson & Tye, R. A. Edmondson Jr.,* for defendant.