26405. METROPOLITAN LIFE INSURANCE COMPANY *v.* POLK, administrator.

DECIDED JULY 16, 1937. REHEARING DENIED JULY 28, 1937.

*Smith, Smith & Bloodworth, W. H. Smith, Reuben M. Tuck,* for plaintiff in error.

*C. L. Redman,* contra.

FELTON, J.   1.   "The presumption of the duration of life, with respect to persons of whom no account can be given, ends at the expiration of seven years from the time when they were last known to be living." *Cofer* v. *Flannagan,* 1 *Ga.* 538; *Adams* v. *Jones,* 39 *Ga.* 479 (4) ; *Hansen* v. *Owens,* 132 *Ga.* 648 (64 S. E. 800) ; *Gantt* v. *American National Ins. Co.,* 173 *Ga.* 323 (160 S. E. 345).

2.   "While the presumption of death arising from seven years absence of a person from his accustomed place of abode, unheard from, is not conclusive and may be rebutted by proof *(Murchison* v. *Green,* 128 *Ga.* 339, 342, 57 S. E. 709, 11 L. R. A. (N. S.) 702), whether the circumstances of the case are such as to account for his not being heard of without assuming his death is ordinarily a question of fact to be determined by the jury." 17 C. J. 1173, § 15; *Mutual Life Ins. Co. of New York* v. *Dickens,* 44 *Ga. App.* 429 (161 S. E. 657). And see 1 Greenleaf on Evidence (16th ed.), 138, § 41.

3.   In the instant suit on three policies of insurance, on which all the premiums had been paid, where the evidence relied on to establish the maturity of the policies was that the insured wife and her insured son had left from their home about ten years before the filing of the petition; and where the testimony that the husband and father of the insureds had investigated every rumor concerning their whereabouts, had informed the insurance company of their disappearance, and had solicited its aid in locating the missing insureds, and had made trips to various points in another State in search of his missing wife and son; and where the testimony of an agent of the insurance company showed that he assisted in the search; and where the testimony showed that this diligent search had continued up to the time of the filing of the suit, a verdict in favor of the plaintiff was authorized. It can not be said that the circumstances appearing from the evidence, that the wife of the insured, who was about twenty-four years old

at the time of her disappearance, had taken her three-year-old son, and had left the plaintiff (who was a man about sixty years old) because the plaintiff did not have a job, and because his wife worked in a mill to support the family and the plaintiff tended the child and did the cooking, and that the plaintiff had once been arrested and incarcerated in jail, constituted such facts, as a matter of law, as accounted for not hearing from the insureds without assuming their deaths, especially since there was other evidence that the relationship between the plaintiff and the insureds was a normal marital relationship, that the plaintiff was a considerate husband and father, and that the arrangement under which they lived was made with her consent and approval. Statements made to the plaintiff by a taxi-driver, who was dead at the time of trial, that the wife of the plaintiff on the way to the train instructed him to hurry so that the plaintiff would not see her, and the conclusions reached by the plaintiff from such statements, were incompetent evidence, and of no probative value. Accordingly, the verdict in favor of the plaintiff can not be set aside on the general grounds as being without evidence to support it. *Mutual Life Ins. Co.* v. *Dickens,* supra.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

### ON MOTION FOR REHEARING.

It is insisted that the court probably overlooked evidence introduced by the plaintiff in error, for the reason that it is not set forth in the opinion. We made no effort to set out all the evidence, but very carefully considered all of it. Whether we agree with the verdict or not, under the evidence and the cases cited we are of the opinion that the jury's finding is final and can not here be disturbed. Counsel for the plaintiff in error have evidently misconstrued our ruling on the evidence of the taxi-driver's statement. We did not rule that the statement of Mrs. Polk was inadmissible as hearsay, but that her statement could not be proved by the hearsay statement of another person, to wit, the taxi-driver. If the taxi-driver had testified as to what Mrs. Polk told him, the testimony would have been admissible to explain conduct and ascertain motive. *Rehearing denied.*