27740. PFENNING *v.* LIFE INSURANCE COMPANY OF VIRGINIA.

DECIDED SEPTEMBER 29, 1939.

*William Woodruff, Louis Yancey Jr.,* for plaintiff.

*Bryan, Middlebrooks & Carter,* for defendant.

SUTTON, J. This was a suit by Mrs. Georgia B. Pfenning, beneficiary, on a life-insurance policy issued by the Life Insurance Company of Virginia on the life of Robert G. Pfenning. The defendant denied liability, on the ground that the policy had lapsed by non-payment of premium. The following facts appeared from the pleadings and the evidence: Robert G. Pfenning, the insured, left his home in Atlanta, Georgia, on October 4, 1929, to go to Detroit, Michigan, to seek employment there; and he has never been heard from by any member of his family or his friends since that time, although diligent search has been made for him by the plaintiff and by other persons. Before his departure he was engaged as a butcher or meat cutter in Atlanta, Georgia, and had a family consisting of his wife and two sons, one of whom was an adopted child. He was a devoted husband and father, a steady worker, and provided for his family. There were no domestic difficulties between him and his family, but he had suffered financial losses and was in debt when he left Atlanta. The premiums were paid on the policy to December 21, 1929, and the cash-surrender value of the policy at that time, after deducting the amount of a loan against it, was $13.63. This value, under the terms of the policy, was used to purchase and did purchase extended insurance for a period of one year and five months from December 21, 1929, that is, to May 21, 1931, and no insurance was in force and effect under the policy on the life of Robert G. Pfenning after May 21, 1931. At the conclusion of the evidence the court directed a verdict for the defendant, and the exception is to the overruling of the plaintiff's motion for new trial. It is contended by the plaintiff that the one issue to be determined by this court is whether the trial court should have submitted to the jury the question whether or not the insured died before the policy lapsed. The undisputed evidence was to the effect that the policy lapsed on May 21, 1931, the date of the expiration of the extended insurance pur-

chased by the cash-surrender value of the policy. It appeared from the petition and from the evidence that the plaintiff relied on the presumption of death from seven-years unexplained absence, in undertaking to establish the fact of the death of the insured, it being alleged that "Petitioner shows that more than seven years have now elapsed since the disappearance of said insured, Robert G. Pfenning, from his home and the place of his last-known existence, and that now insured is legally dead; and that prior to the lapse of said seven-year period there was no legal presumption of death, and no legal proof of the fact of death, available to your petitioner." The defendant contends, that, under the law and facts of the case, not only the fact, but the time of the insured's death, were presumed to be at the end of the seven-year period from October 4, 1929, the date he left his home, and since which time he had not been heard from by his family or friends; and that the policy was not of force and effect at the time of his death, the same having lapsed on May 21, 1931.

We think the decision in *Gantt* v. *American National Ins. Co.*, 173 *Ga.* 323 (160 S. E. 345), is controlling in the present case. It was there held: "In this State there is a presumption of law 'of continuance of life for seven years.' Penal Code, § 1016; Civil Code (1910), § 5740 [Code of 1933, § 38-118]. *Hansen* v. *Owens*, 132 *Ga.* 648 (64 S. E. 800). It necessarily follows from this presumption, that, in the absence of controverting facts, the death of a person, whose absence from his usual place of abode for seven years, and of whom nothing has been heard during such period, will be taken to have occurred at the end of such period. Otherwise the presumption of continuance of life, which is declared to exist under the above sections of our Codes, would be meaningless. In one of the earliest cases decided by this court it was held, that, in the absence of facts or circumstances evidencing the contrary, death will be presumed to have occurred at the expiration of the seven years." See also, to the same effect, *National Life &c. Co.* v. *Hankerson*, 49 *Ga. App.* 350 (175 S. E. 590); *American National Ins. Co.* v. *Parker*, 55 *Ga. App.* 346 (190 S. E. 427); *Jennings* v. *Longino*, 177 *Ga.* 591 (170 S. E. 806). This has been referred to as the American doctrine, and has been adopted as the rule in this State, according to the decisions just cited, as well as in a great number of other jurisdictions holding to this

effect. See citations in *Gantt* v. *American National Ins. Co.,* supra. The English doctrine or rule was that the presumption of death, arising when a person is away from his usual place of abode and has not been heard of for seven years, relates only to the fact of death; and when the time of death is material in a case, this must be established by distinct proof, and not by such presumption. This doctrine also has been adopted in a number of jurisdictions, and counsel for the plaintiff cite and quote from Tisdale *v.* Connecticut Mutual Life Ins. Co., 26 Iowa, 170, as one of the leading cases holding this principle. But, as above stated, the other rule prevails in this State. There was no evidence in the present case or circumstance sufficient to show that the death of the insured occurred before the lapse of the policy on May 21, 1931, or to rebut the presumption that his death occurred at the end of the seven-year period of his unexplained absence from his usual place of abode, during which period nothing had been heard from him. Under the law and the facts, the court properly directed the verdict for the defendant, and consequently did not err in overruling the motion for new trial.

*Judgment affirmed. Fellon, J., concurs.*

STEPHENS, P. J., concurring specially. The above is correct under an application of the doctrine of *Gantt* v. *American National Ins. Co.,* supra. That is a decision of the Supreme Court, and we are bound by it. That case was decided by only five Justices, two of whom dissented. The judgment was that of only three Justices, which is only one half of the membership of the Supreme Court. The application of either the so-called American or the so-called English rule to the facts in the case at bar would bring about the same result; that is, that there is no proof that the insured died during the life of the policy, and that the evidence was insufficient to support a verdict for the plaintiff. Under either rule the presumption is that after the expiration of the seven years, during which the person has not been heard from, he is dead. Under neither rule is there a presumption that the missing person died at any particular time before the expiration of the seven years. The burden was on the plaintiff to establish the death of the insured during the life of the policy. Whether or not there was a presumption that he lived until the expiration of the seven-year period, there was no evidence that he died before the

alleged date of the lapsing of the policy. Therefore the evidence was insufficient to authorize a verdict for the plaintiff.